## THE SCHOONER RACHEL *v.* THE UNITED STATES.

THIS was an appeal from the sentence of the district court of the United States for the district of Orleans, which condemned the schooner Rachel for having traded with certain prohibited ports of St. Domingo, contrary to the act of congress.

*No sentence of condemnation can be affirmed if the law under which the forfeiture accrued has expired, although a condemnation and sale*

The sentence of condemnation was passed, and the vessel sold, and the proceeds paid over to the United States, while the act was in force. The act had since expired. It was a case within the principle decided at last term, in the case of *Yeaton and Young* v. *The United States,* but it having been made a question whether the sale and payment over of the money did not prevent the operation of that principle, and there being also a question of jurisdiction, the cause stood over to this term for consideration.

*had taken place, and the money had been paid over to the United States before the expiration of the law. This court, in reversing the sentence, will not order the money to be repaid, but will award res-*

The general question of jurisdiction of that court having been settled at this term in the case of *Serre and Laralde* v. *Pitot and others,* and the fact of the sale and payment over of the money being admitted,

*titution of the property, as if no sale had been made.*

RACHEL
v.
THE U. S.

*Martin* and *P. B. Key*, for the claimants, prayed the court to direct that the proceeds should be paid over to the claimants.

But the *court* said that it was a matter to be left to the consideration of the court below. This court will only make a general order for restitution of the property condemned.